UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-64-HRW

DAVID K. CENTERS,                                                    PLAINTIFF,

v.             **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability, disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for a period of disability, disability insurance benefits, and supplemental security income benefits on June 16, 2003 (Tr. 52-54, 436-438), alleging disability beginning on July 19, 2002, due to back, heart and shortness of breath problems.  This application was denied initially and

1

on reconsideration. On November 16, 2004, an administrative hearing was conducted by Administrative Law Judge James D. Kemper, Jr. (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 451-476). At the hearing, Melissa Glannon, a vocational expert (hereinafter "VE"), also testified (Tr. 476-480).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On January 10, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-20). Plaintiff was 44 years old at the time of the hearing decision (Tr. 13). He has a ninth grade education (Tr. 13). His past relevant work experience consists of work as an assembly line worker, construction worker, equipment installer and truck driver (Tr. 13).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr.13, 19). The ALJ then determined, at Step 2, that Plaintiff suffered from coronary heart disease and degenerative disc disease of the lumbar spine, which he found to be "severe" within the meaning of the Regulations (Tr. 13-15, 19). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 19). The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 19) but determined that he has the residual functional capacity ("RFC") to lift/carry 50 pounds occasionally and 25 pounds frequently, with occasional climbing and avoiding extreme heat/cold (Tr. 19).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of medium work, such as product inspector and assembler (Tr. 19). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as

identified by the VE (Tr. 19). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 17, 2005 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 4 and 5 and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff contends that the ALJ failed to accurately evaluate his subjective complaints of pain. It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's credibility to be "poor" with regard to his allegations of disabling pain. (Tr. 16). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. For example, the ALJ pointed out that in spite of alleged problems with both shoulders, Plaintiff denied pain or tenderness upon examination and a prior shoulder examination was described as normal (Tr. 16, 361 and 346). The ALJ also noted that on January 10, 2003, Plaintiff's treating physician, Dr. Cynthia Schneider, released him to work

with no restrictions, following an MRI showing on "minimal" disc bulging (Tr. 14, 16, 349-352).  In addition, the ALJ noted that in February 2003, the treating neurosurgeon, Dr. Philip Tibbs, opined only "very mild" degenerative disc disease and released Plaintiff back to work with only a 50 pound lifting limitation (Tr. 347-348).   This limitation was included in the ALJ's formulation of Plaintiff's RFC (Tr. 19).   Given the lack of supporting medical and clinical evidence, the Court finds no error in the ALJ's assessment of claimant's credibility.   Indeed, the ALJ's finding is supported by substantial evidence on the record as a whole.

Plaintiff also makes a vague argument with regard to the hypothetical posed by the ALJ to the VE.  The Defendant argues that the hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations.  *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987).  This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible.  *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence.  The record is devoid of credible medical evidence suggesting functional limitations beyond those found by

the ALJ. Given the objective medical evidence in the record, the hypothetical was factually supported by the evidence of record and, thus, the response thereto constitutes substantial evidence in support of the ALJ's decision.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This January 12, 2006.

Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge